(No. 13806.—Appeal dismissed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* AN-
DREW J. BECHTEL, Appellant.

*Opinion filed April 21, 1921.*

1. CRIMINAL LAW—*no appeal lies from a finding, under para-
graph 285 of Criminal Code, that defendant is not insane.* A pro-
ceeding under paragraph 285 of the Criminal Code to determine
whether a defendant has become insane since he was indicted does
not involve the question of the guilt or innocence of the defend-
ant, and as the proceeding is wholly statutory and no appeal is pro-
vided for by statute, no appeal lies from a finding that the defend-
ant is not insane.

2. SAME—*verdict, under paragraph 285 of Criminal Code, on
question of insanity is not admissible on the trial under the indict-
ment.* The verdict of a jury in a proceeding under paragraph 285
of the Criminal Code as to the sanity or insanity of a defendant
is not competent as evidence against him on the trial under the
indictment, and the defense of insanity at the time of the commis-
sion of the crime may be urged on such trial, unaffected by a find-
ing that he was not insane at the time of the preliminary proceeding.

APPEAL from the Circuit Court of Shelby county; the
Hon. THOMAS M. JETT, Judge, presiding.

GEORGE B. RHOADS, for appellant.

EDWARD J. BRUNDAGE, Attorney General, ROBERT L.
PUGH, and JAMES B. SEARCY, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal sought to be had from an order or
judgment of the circuit court finding that the appellant was
not lunatic or insane. Appellant was by the grand jury
of Shelby county, at the November term, 1920, indicted
for the crime known as "crime against children."

On November 16, 1920, appellant, and his wife, Anna
B. Bechtel, as his next friend, prior to the arraignment
of Bechtel on the charge in the indictment returned against

him, filed a petition averring Bechtel had become insane since the indictment and praying for an insanity inquest under paragraph 285 of the Criminal Code. By that paragraph it is provided that a person who becomes lunatic or insane after the commission of a crime or misdemeanor shall not be tried for the offense during the continuance of the lunacy or insanity; that in case such situation arises it is the duty of the court to empanel a jury to try the question whether the accused be, at the time of the empaneling of the jury, insane or lunatic. A jury was empaneled, which heard the issue and returned its verdict finding that Bechtel was not lunatic or insane at that time. Bechtel seeks to appeal from this verdict and judgment entered thereon. At the outset there is therefore presented the question whether or not an appeal will lie from such a finding and the judgment entered thereon.

It was held in *People* v. *Gilbert,* 115 Ill. 59, that the right of appeal under a proceeding to inquire into the alleged insanity of a person does not exist. The proceeding in that case was held under the act in relation to the commitment and detention of lunatics. It was there held that, the act itself giving no right of appeal, such right was not conferred by section 122 of the act to extend the jurisdiction of county courts, it also being held that the appeal is not compatible with the nature of the proceeding. It was said in *People* v. *Gavrilovich,* 265 Ill. 11, that the purpose of inquiry under paragraph 285 of the Criminal Code was to determine whether the accused is then in a mental condition to justify his being placed on trial for the crime of which he stands charged. This is a statutory proceeding, which does not involve the question of the guilt or innocence of the defendant, as the inquiry is directed to the issue whether or not the defendant became insane since the date of the alleged crime, and no reason is perceived why an appeal should lie in such a case unless provided for by statute.

The verdict of the jury in the preliminary hearing as to the sanity or insanity of Bechtel is not competent as evidence against him on the hearing of the indictment. (*People* v. *Gavrilovich, supra.*) The defense of insanity at the time of the commission of a crime may therefore be urged on the hearing of the cause, unaffected by the finding of the jury that the defendant was not insane at the time such jury was empaneled.

No appeal from a hearing of this kind has been provided for. It is not an action at law or in equity, and as it is wholly preliminary to the trial on the indictment and not a part thereof there appears to be no reason why such appeal should lie.

The appeal will be dismissed.  *Appeal dismissed.*