(No. 16200.—Cause transferred.)

FRED L. MURRAY, Appellee, *vs.* HENRY C. HAGMANN *et al.*—(IRA E. PEARSALL, *et al.* Appellants.)

*Opinion filed February 17, 1925.*

1. APPEALS AND ERRORS—*constitution does not withhold jurisdiction from Appellate Court.* Jurisdiction of appeals and writs of error in the class of cases which go directly to the Supreme Court was not withheld from the Appellate Courts by section 11 of article 6 of the constitution; but such jurisdiction cannot be exercised, as it has not been conferred upon them by the General Assembly.

2. SAME—*appeal from interlocutory decree must be in accordance with section 123 of Practice act.* Section 123 of the Practice act is the only statutory provision for appeals from interlocutory orders, and since the right to an appeal is strictly statutory, no appeal from an interlocutory order or decree will lie unless taken in accordance with that section.

3. SAME—*section 118 of Practice act confers no right of appeal.* Section 118 of the Practice act merely directs to what court an appeal which may be allowed by law shall be taken and confers no right of appeal to any court; and such section is concerned only with final judgments and decrees and not with interlocutory orders.

4. SAME—*appeal from interlocutory order must be taken to Appellate Court.* An order overruling a motion to dissolve a temporary injunction is merely interlocutory, and an appeal therefrom must be taken to the Appellate Court even though it is claimed that the revenue is involved in the injunction proceeding.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

ASHBEL V. SMITH, State's Attorney, (SIDNEY H. BLOCK, of counsel,) for appellants.

EUGENE M. RUNYARD, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Fred L. Murray filed his bill to foreclose a certain trust deed against Henry C. Hagmann and others, in the circuit court of Lake county. Later, pursuant to leave granted, he filed amendments to his bill which charged that Ira E. Pearsall, the county collector, had attached to the real estate described in the bill, $849.39, with interest, costs and penalties, for a delinquent personal property tax; that he had obtained a judgment in the county court therefor and had advertised for sale and was about to sell the real estate to pay the tax; that in the year 1922 the same real estate was sold to Fred W. Churchill for non-payment of taxes, which sale included $770.96 for an unpaid personal property tax; that Lew A. Hendee, the county clerk, had issued a certificate of the sale to Churchill, and that, as against the lien of the trust deed, the county court's judgment and the tax sale to Churchill, as far as they include the personal property taxes, are void. Pearsall, the county collector, Hendee, the county clerk, and Churchill, were made additional parties defendant to the bill, and an order enjoining a sale upon the judgment and the issuance of a tax deed upon the certificate of sale to the extent of the delinquent personal property taxes was sought. A temporary injunction in accordance with the prayer of the bill was issued. Pearsall and Hendee moved to dissolve the injunction, but the motion was denied and they appealed directly to this court.

The order from which this appeal is taken is interlocutory. To sustain their appeal appellants contend (1) that the instant case relates to the revenue; and (2) that section 11 of article 6 of the constitution and sections 118 and 123 of the Practice act are *in pari materia,* and construed together authorize an appeal directly to this court from an order denying a motion to dissolve a temporary injunction in such a case.

It is unnecessary to consider or determine appellants' first contention. The section of the constitution invoked provides that "Appellate Courts, of uniform organization and jurisdiction, may be created in districts formed for that purpose, to which such appeals and writs of error as the General Assembly may provide may be prosecuted from circuit and other courts, and from which appeals and writs of error shall lie to the Supreme Court, in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved, and in such other cases as may be provided by law." Under this constitutional provision the General Assembly has the power to prescribe the appeals which may be taken to and the writs of error which may be prosecuted from the Appellate Courts. The act which established the Appellate Courts became effective on July 1, 1877. (Laws of 1877, p. 69.) The eighth section of that act as amended (Laws of 1887, p. 156,) provides that those courts "shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts,  *  *  *  in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit  *  *  * courts  *  *  * directly to the Supreme Court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute." Jurisdiction of appeals and

writs of error in the classes of cases which go directly to the Supreme Court was not, therefore, withheld from the Appellate Courts by the constitution, but cannot be exercised by those courts because it was not conferred upon them by the General Assembly.

Section 8 of the Appellate Court act applies only to final judgments, orders or decrees. Prior to July 1, 1887, no appeal could be taken in this State from any interlocutory order or decree. On that day there came into effect "An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers." (Laws of 1887, p. 250.) Originally an independent act, it is now section 123 of the Practice act of 1907. That section provides: "Whenever an interlocutory order or decree is entered in any suit pending in any court in this State, granting an injunction, or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, * * * an appeal may be taken from such interlocutory order or decree to the Appellate Court of the district wherein is situated the court granting such interlocutory order or decree. * * * No appeal shall lie or writ of error be prosecuted from the order entered by said Appellate Court on any such appeal." Jurisdiction of appeals from interlocutory orders or decrees of the classes specified is thus expressly conferred upon the Appellate Courts, and the orders of those courts on such appeals are not subject to further review. Section 123 of the Practice act is the only statutory provision for appeals from interlocutory orders, and since the right to an appeal is strictly statutory, (*Drainage Comrs.* v. *Harms,* 238 Ill. 414; *Lower Salt Fork Drainage District* v. *Smith,* 257 id. 52;) no appeal from any interlocutory order or decree will lie unless taken in accordance with that section.

But it is argued that this appeal, under section 118 of the Practice act, should be taken directly to this court. That section provides that appeals from and writs of error to

circuit and certain other courts "in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors and cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved; and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court." Section 118 of the Practice act directs to what court an appeal which may be allowed by law shall be taken, but it confers no right of appeal to any court. (*Damon* v. *Barker,* 239 Ill. 637.) Moreover, it is concerned with final, and not with interlocutory, orders, judgments and decrees. There must be a final judgment or decree which settles the rights of the parties in respect to the subject matter of the suit and concludes them until it is reversed or set aside to authorize an appeal to this court. (*People* v. *Drainage Comrs.* 282 Ill. 514; *Mussey* v. *Shaw,* 274 id. 351; *Cunningham* v. *Loomis,* 17 id. 555; *Keel* v. *Bentley,* 15 id. 228.) The order of the circuit court overruling the motion of the appellants to dissolve the temporary injunction did not determine the merits of the controversy nor adjudicate finally the rights of the parties. From such an order, interlocutory in character, no appeal lies to this court. *Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103; *Craig* v. *Craig,* 246 id. 449; *Keel* v. *Bentley, supra; Knapp* v. *Marshall,* 26 Ill. 63; *Hawkins* v. *Burwell,* 191 id. 389; *Pentecost* v. *Magahee,* 4 Scam. 326.

The appeal should have been taken to the Appellate Court for the Second District, and the case will be transferred to that court.

*Cause transferred.*