Williams, J.
 

 An examination of the record discloses that there is no prejudicial error apparent save and except with respect to the. admission of evidence upon the issue of insanity.
 

 Upon the question of the defendant’s mental condition the trial court allowed the state to put in evidence the verdict of the jury finding that the defendant was sane at the time of the preliminary hearing. Did the court err to the defendant’s prejudice in admitting the verdict in evidence?
 

 It has been held that an adjudication in an inquisition of lunacy is admissible in a criminal case to prove the insanity of the accused.
 
 Wheeler
 
 v.
 
 State,
 
 34 Ohio St., 394, 32 Am. Rep., 372. Moreover it is generally held in other jurisdictions that such an adjudication is admissible “in any litigation whatever, to prove the person’s mental condition at the time.” 5 Wigmore on Evidence (3 Ed.), 678, Section 1671. But in the instant case was there an inquisition of sanity in the accepted sense and was there an adjudication of the accused’s mental condition?
 

 This hearing was held under the provisions of Sections 13441-1 and 13441-2, General Code, which read as follows:
 

 Section 13441-1. “If the attorney for a person accused of crime pending in the Court of Common Pleas, whether before or after trial suggests to the court that such person is not then sane, and a certificate of a
 
 *319
 
 reputable physician to that effect is presented to the court, or if the grand jury represents to the court that any such person is not then sane, or if it otherwise comes to the notice of the court that such person is not then sane, the court shall proceed to examine into the question of the sanity or insanity of said person, or in its discretion may impanel a jury for such purpose. If three-fourths of such jury agree upon a verdict, such verdict may be returned as the verdict of the jury. If there be a jury trial and three-fourths of the jury do not agree, another jury may be impaneled to try such question.”
 

 Section 13441-2. "If the court or jury find upon the hearing provided for in the next preceding section, that the accused is sane, he shall be proceeded against as provided by law. If the court or jury find him to be not sane, he shall be forthwith committed by the court to an insane hospital within the jurisdiction of the court; provided, that if the court deem it advisable, it shall commit such person to the Lima State Hospital until he be restored to reason, and upon being restored to reason the accused shall be proceeded against as provided by law.”
 

 It will be observed from the language of the latter of the two sections quoted that where the jury in their verdict find that the accused is sane, no order or judgment shall be entered thereon; but he thereupon "shall be proceeded against as provided by law.” When there is a finding of sanity, there is no finality to the proceedings.
 

 Under a previous statute so nearly identical in form that its judicial interpretation is- of controlling value here, this court held that a verdict in such a preliminary hearing finding the accused sane could not be reviewed on error before conviction.
 
 Inskeep
 
 v. State, 35 Ohio St., 482.
 

 After conviction and sentence to the penitentiary,
 
 *320
 
 the defendant in that case sought a reversal of the judgment upon the same ground relied upon in the first proceeding in error. This court held-that “the proceedings in a preliminary trial under said Section 7240 [74 Ohio Laws, 339, Section 1, the like provision then in force] are not in their nature final, and hence are not the subject of review, even after conviction.”
 
 Inskeep
 
 v.
 
 State,
 
 36 Ohio St., 145.
 

 As there is no finality in such a preliminary hearing, when the accused is found sane, there is no adjudication and no complete inquisition of lunacy, but simply a finding which
 
 ipso facto
 
 charges the court with the duty to proceed to trial upon the indictment.
 

 The prevailing rule is that a finding in the preliminary hearing that the defendant was sane is not admissible at the trial upon the indictment.
 
 Freemon
 
 v.
 
 People,
 
 4 Denio, 9, 39, 47 Am. Dec., 216;
 
 Shultz
 
 v.
 
 State,
 
 13 Tex., 401;
 
 People
 
 v.
 
 Bechtel,
 
 297 Ill., 312, 130 N. E., 728. In 3 Bishop’s Criminal Procedure (2 Ed.), 1640 to 1642, Sections 666 to 668, inclusive, there is an apt commentary upon the practice in a preliminary hearing to determine present sanity or insanity of an accused person. The commentary concludes with this pertinent language: “The finding on this preliminary question, that the prisoner is not insane, is not receivable against him on the trial of the main issue.” See, also, 23 Corpus Juris Secundum, 241, Section 940. This ■court is in accord with the prevailing rule.
 

 Of course if there is a finding of insanity and an order committing the defendant to a hospital for the insane, it may be that then there would be a final adjudication which would be admissible in the trial on the principal issue. That question is not before the court and is not passed upon.
 

 We summarize our conclusions thus: The trial eourt did not make any order with respect to sanity after the verdict in the preliminary hearing was returned
 
 *321
 
 and had no power to do so; the preliminary proceeding was not a complete inquisition of lunacy; and there was no final adjudication but only a finding by the jury, the result of which was that the trial must proceed. The verdict of the jury finding, present sanity of the defendant was not admissible in evidence.
 

 For prejudicial error in admitting the verdict made in the preliminary hearing, the judgment is reversed and the cause remanded to Court of Common Pleas for new trial.
 

 Judgment reversed.
 

 Matthias, Hart and Bell, JJ., concur.
 

 Weygandt, C. J., Zimmerman and Turner, JJ., dissent.