(No. 29299.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MILDRED CORNELIUS, Plaintiff in Error.

*Opinion filed January 23, 1946—Rehearing denied March 18, 1946.*

GEORGE W. SPRENGER, of Peoria, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and ROY P. HULL, State's Attorney, of Peoria, (C. E. McNEMAR, of Peoria, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error plaintiff in error seeks the reversal of an order of the circuit court of Peoria county, entered on a verdict of a jury that she was then insane, that she be placed in the custody of the Department of Public Safety.

Plaintiff in error was indicted by the November, 1943, grand jury of the circuit court of Peoria county on the charge of murder. She was arrested and confined in the county jail. In March, 1944, the mother, brothers and sisters filed in the circuit court an unverified petition alleging that plaintiff in error had been indicted for murder and that said cause is pending in said court; that she had been examined by a specialist in the treatment of mental disorders, and that the petitioners have been fully advised

that she is now an insane person and suffers mental delusions of persecution, and that in their opinion the said plaintiff in error is now insane; and they asked for a hearing as provided by law. The State's Attorney filed an answer praying strict proof of the allegations of the petition. Petitioners filed no reply and no guardian *ad litem* was appointed by the court to represent plaintiff in error. A jury was impaneled and a hearing had. The record shows that plaintiff in error was represented at this hearing by her counsel. The jury returned its verdict finding plaintiff in error is now insane. The order entered on the verdict was that plaintiff in error be placed in the custody of the Department of Public Safety.

On October 25, 1945, plaintiff in error, by an attorney other than the ones who represented her in the circuit court, filed here this proceeding on writ of error to review the record. Her counsel assigns and urges as error: (1) the petition alleging her to be insane was not sworn to, and, (2) the court erred in not appointing a guardian *ad litem*.

Neither counsel for plaintiff in error nor the People question the jurisdiction of this court to hear this writ of error, but it is the duty of this court to determine that question. The proceedings in the circuit court complained of arose under section 13 of division II of the Criminal Code. (Ill. Rev. Stat. 1943, chap. 38, par. 593, p. 1209.) So far as applicable to the present inquiry, the section provides that "A person that becomes lunatic or insane after the commission of a crime or misdemeanor shall not be tried for the offense during the continuance of the lunacy or insanity. * * * In all of these cases, it shall be the duty of the court to impanel a jury to try the question whether the accused be, at the time of impaneling, insane or lunatic."

In *People* v. *Bechtel,* 297 Ill. 312, a case almost identical on the facts with the case before us, and which was

brought here by appeal, it was held that an appeal from a verdict of a jury finding that the accused was not lunatic or insane at the time of the inquiry, would not lie to this court as no appeal from a hearing of this kind had been provided for by statute. Such a proceeding is not an action at law or in equity but was wholly preliminary to the trial on the indictment and not a part thereof. The appeal was dismissed.

In *People* v. *Scott,* 326 Ill. 327, a case in which the inquiry arose by *habeas corpus,* out of and after the trial of the criminal charge, it was held that the inquiry there under consideration, based on section 13 of division II of the Criminal Code, is a civil proceeding.

Though the inquiry in the case before us was held under section 13 of division II of the Criminal Code, the proceeding is a civil proceeding. It forms no part of a hearing on the criminal charge and evidence concerning it is not competent on the trial of that charge. (*People* v. *Bechtel,* 297 Ill. 312.) An appeal in a case arising under the Lunacy Act is authorized by section 11 of that act and by section 77 of the Civil Practice Act. (*In re Cash,* 383 Ill. 409.) The statute on lunatics has no application to a proceeding under section 13 of division II of the Criminal Code. (*People* v. *Scott,* 326 Ill. 327.) We are not considering any question on the merits of this writ of error. It is clear this court does not have jurisdiction on direct review, either on appeal or writ of error. Whether a writ of error from the Appellate Court will lie is a question to be addressed to that court. The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*