People of State of Illinois, Defendant in Error, v.
Mildred Cornelius, Plaintiff in Error.

Gen. No. 10,089.

272

Opinion filed September 26, 1947. Released for publication October 20, 1947.

GEORGE W. SPRENGER, of Peoria, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, for defendant in error; ROY P. HULL, State's Attorney, and C. E. McNEMAR, Assistant State's Attorney.

PER CURIAM: Plaintiff in error was indicted by the November 1943 grand jury of the circuit court of Peoria county on the charge of murder. In March 1944, the mother, brothers and sisters of plaintiff in error filed in the circuit court an unverified petition alleging that fact and that said cause was pending; that plaintiff in error had been examined by a specialist in the treatment of mental disorders and that petitioners have been fully advised that she is now an insane person and suffers mental delusions of persecution and that in their opinion plaintiff in error is now insane and they ask for a hearing as provided by law. The State's Attorney filed an answer praying strict proof of the allegations of the petition. A jury was impaneled and a hearing had. Plaintiff in error was represented by her counsel and the jury returned a verdict finding her now insane. Upon this verdict an order was entered that plaintiff in error be placed in the custody of the Department of Public Safety.

On October 25, 1945, plaintiff in error by an attorney other than those who represented her in the circuit court sued out a writ of error from the Supreme Court of this State to review the record. In the Supreme Court her counsel assigned and argued as error, first that the petition alleging her to be insane was not sworn to and second that the court erred in not appointing a guardian *ad litem* to represent plaintiff in error. Counsel for the People filed briefs but the question of the jurisdiction of the Supreme Court to hear and determine the cause was not raised or questioned. The Supreme Court held that the inquiry as to the sanity of the plaintiff in error arose under section 13 of division 2 of the Criminal Code (Ill. Rev.

Stat. 1943, ch. 38, par. 593, p. 1209 [Jones Ill. Stats. Ann. 37.554]), that it was a civil proceeding and the Supreme Court did not have jurisdiction on direct review and the cause was transferred to this court. (*People v. Cornelius*, 392 Ill. 599.)

The rule at common law is well settled that a person, while insane, cannot be tried, sentenced or executed. The underlying reason is that, if tried while insane his insanity might disable him from making a rational defense. By statute in this and in many other jurisdictions, it is provided that if, at any time while criminal proceedings are pending against a person accused of crime, the trial court have facts brought to its attention which raise a question as to the sanity of the defendant, that question should be settled before any further steps are taken. The trial of the question of present insanity is not a trial of an indictment but is preliminary to such trial and the object is simply to determine whether the person charged with the offense and alleged to be insane shall be required to plead and proceed to the trial of the main issue of guilty or not guilty. The burden of proof on the issue of present insanity rests on the defendant, at least to the extent of overcoming the presumption of sanity and that issue is purely collateral and similar to the issues involved upon an application for a continuance or the qualification of a talesman when the jury is being impaneled (14 R. C. L. 605–6, Insanity, Sec. 59; *People v. Gavrilovich*, 265 Ill. 11; *People v. Bechtel*, 297 Ill. 312). In the *Bechtel* case cited by the Supreme Court in its opinion in the instant case, the defendant who had been indicted for a criminal offense, sought to appeal to the Supreme Court from an order of the circuit court of Shelby county, entered upon a verdict of a jury, after indictment but before trial finding the defendant was not insane. The proceedings were had under that section 13 of division 2 of the Criminal Code. The court held that the proceed-

ing was not an action at law or a proceeding in equity but was purely statutory, that it was wholly preliminary to the trial on the indictment and was not a part thereof, that it was an inquiry directed to the issue whether or not the defendant had become insane since the date of the alleged crime and that the issues do not involve the question of the guilt or innocence of the defendant. The court dismissed the appeal stating that no reason is perceived why an appeal should lie in such a case unless provided by statute and that no appeal from a hearing of this kind has been provided for. The court therefore was without jurisdiction to entertain the appeal. The right to have any judgment reviewed by appeal did not exist at common law. This is a right which is purely statutory and may be granted by the legislature or withheld. An appeal is a privilege, it is not an inherent or inalienable right. "The legislature may prescribe in what cases, under what circumstances and from what court, appeals may be taken; unless the statute expressly or by plain implication makes provision therefor, there is no right of appeal." (2 Am. Jur. 847, sec. 6; *Sullivan v. Haug,* 82 Mich. 548; *Murray v. Hagmann,* 315 Ill. 437; *Bondurant v. Bondurant,* 251 Ill. 324, 327.) A writ of error, however, is a writ of right by the common law and lies in all cases, civil and criminal, except capital cases but can, of course, be regulated by statute. (*Unknown Heirs of Langworthy v. Baker,* 23 Ill. 484, 487.)

It is elementary that many matters of practice and procedure are not reviewable either on appeal or by writ of error. (2 Am. Jur. 889, sec. 63.) In *Saylor v. Duel,* 236 Ill. 429, the court dismissed an appeal from the county court of DuPage county and held that there was no authority of law for taking an appeal in a proceeding to contest a local option election brought under section 19 of the Local Option Act of 1907. In the course of its opinion the court said: "In this state the right of appeal in any case is purely statutory with

the possible exception of certain classes of cases enumerated in Section 11 of Article 6 of the Constitution of 1870, in which the right of appeal from the Appellate to the Supreme Court in certain enumerated cases seems to be guaranteed by the Constitution.'' The court further stated that the fact that the legislature has seen proper to withhold the right of appeal would not be a deprivation of any constitutional right and quoted from *Pittsburg, C., C. & St. L. Ry. Co. v. Bacus,* 154 U. S. 421 where it is said: ''One hearing, if ample before judgment, satisfies the demand of the consitution in this respect. . . . If a single hearing is not due process, doubling it will not make it so.''

There is no provision found in our statute granting either the People or the defendant a right to have any judgment order entered upon the verdict of a jury finding the defendant insane under this section of the Criminal Code reviewed either by appeal or writ of error by any court. In 2 Am. Jur. 936, sec. 142, it is said that the ruling of the trial court upon the application for a hearing as to the sanity of the person is not reviewable by appeal or writ of error and that the judgment of the trial court adjudging the defendant to be sane is conclusive of that issue.

The reason why no appeal or writ of error should lie to review an order of the circuit court finding the defendant sane upon a preliminary hearing is because the order is interlocutory and to permit a person to appeal from such an order would be to delay the trial of the charges in the indictment. A defendant, awaiting trial upon an indictment, could have a hearing and the jury return a finding that the defendant was sane. If then there is a right to have judgment entered on that verdict reviewed, the trial upon the charge in the indictment would necessarily be postponed until a reviewing court had passed upon the question and thus the administration of justice would be thwarted for an indefinite term. The legislature

may have had these matters in mind when it declined to provide any means for a review of this preliminary or interlocutory order. Furthermore the opinion in the *Bechtel* case was filed in 1929. Eighteen years have elapsed since the Supreme Court dismissed the appeal in that case and if the legislature felt that such a preliminary order as the one we are asked to review, should be reviewed, the matter would have long since received the attention of the General Assembly.

The fact that this is a civil proceeding and under section 74 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 198; Jones Ill. Stats. Ann. 104.074], the judgment, if reviewable, shall be subject to review by notice of appeal and not by writ of error would not, alone, under Supreme Court Rule 28, be a sufficient ground for the dismissal of this writ of error, inasmuch as the issues sufficiently appear upon the record before us. (Ill. Rev. Stat. 1945, ch. 110, par. 259.28, p. 2543 [Jones Ill. Stats. Ann. 105.28]). The judgment order, however, which we are asked to review is not a final one but interlocutory. An appeal or writ of error both at common law and under our statute lies only to review final judgments unless some statute expressly authorizes such review. (*Murray v. Hagmann*, 315 Ill. 437.) The writ of error in the instant case was sued out by Mildred Cornelius, a person whom the jury found to be insane. Suing out a writ of error is the commencement of a new suit. (*Iago v. Iago*, 168 Ill. 339.) Whether plaintiff in error could sue out a writ of error in her own name need not be determined as we are clearly of the opinion that the judgment order of the trial court is not reviewable by this court either by appeal or writ of error.

In arriving at this conclusion we have not overlooked what was said by the Supreme Court in *People v. Scott*, 326 Ill. 327 to the effect that where property rights or personal liberty is involved, inde-

pendent of statutory or constitutional provisions, the writ of error lies from the Supreme Court by force of the common law. The Constitution authorized the General Assembly to create Appellate Courts and to prescribe the appeals which may be taken to and the writs of error which may be prosecuted therefrom. The jurisdiction therefor which this court exercises must be conferred upon it by the General Assembly. (*Murray v. Hagmann*, 315 Ill. 437.) Jurisdiction to review this judgment has not been conferred upon this court and therefore the writ of error must be dismissed.

*Writ of error dismissed.*