(No. 31461.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD GORDON ROSS, Plaintiff in Error.

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

SIMPSON & SIMPSON, (J. P. SIMPSON, of counsel,) of Aurora, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and CHARLES G. SEIDEL, State's Attorney, of Elgin, (JOHN S. PETERSEN, of Aurora, ERNEST W. AKEMANN, of Elgin, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff in error was found to be a criminal sexual psychopathic person by order of the circuit court of Kane County on November 10, 1949, and was ordered committed to the psychiatric division of the Illinois State Penitentiary at Menard, Illinois. He has sued out this writ of error to review that proceeding.

The only pleading filed in the cause was a petition filed October 7, 1949, by the State's Attorney of Kane County,

wherein it was alleged plaintiff in error was charged by indictment with a crime against nature; that he had been heretofore convicted of such a crime, and "that he has for many years been given over to abnormal and unnatural sex habits and practices, all of which history shows that he is a criminal sexual psychopathic person." The petition prayed for an appointment of two qualified psychiatrists, an examination of the plaintiff in error, and a hearing before a jury. At the conclusion of the hearing, the jury found plaintiff in error to be such a criminal sexual psychopathic person and the defendant's motion for a new trial was overruled. ·

The errors relied upon for reversal are, among others, that the petition does not allege or set forth sufficient facts; that one of the examining psychiatrists failed to meet the qualifications prescribed by the statute; that the court refused to admit proper evidence; and that the verdict was contrary to the law and the evidence.

Plaintiff in error, an unmarried male negro thirty years of age, was indicted on September 13, 1949, for the infamous crime against nature with another male. The record discloses that he commenced perverted sexual activities at the age of seven and has persisted therein, at least until the time of his indictment; that he was convicted of a crime against nature in 1942 and sentenced to Menard and that he engaged in homosexual acts while there. Both doctors reported in writing their individual findings that plaintiff in error was a criminal sexual psychopathic person.

At the outset we are met with the question of whether or not a review of these proceedings will lie directly to this court. The statute itself (Ill. Rev. Stat. 1949, chap. 38, par. 820 *et seq.*,) provides for no appeal. In *People* v. *Sims,* 382 Ill. 472, we upheld the constitutionality of the act in question and held that the procedure thereunder is not a criminal proceeding and that the statute in operation is not unlike the statute providing for an inquiry into the

sanity of one charged with crime before trial on the indictment. (See *People* v. *Redlich,* 402 Ill. 270.) That act (Ill. Rev. Stat. 1943, chap. 38, par. 593,) was before us in *People* v. *Cornelius,* 392 Ill. 599, where we reviewed the authorities and concluded that this court does not have jurisdiction on direct review, either by appeal or by writ of error, and that whether a writ of error from the Appellate Court would lie was a question to be reviewed by that court. We have repeatedly held under the Insanity Act above, which likewise provides no appeal by the terms of the act itself, no writ of error will lie to this court in such cases. (*People* v. *Bechtel,* 297 Ill. 312; *People* v. *Geary,* 298 Ill. 236.) We think the reasoning of these cases, interpreting the provisions of the Insanity Act, apply with equal force to the similarly worded and analogous Criminal Sexual Psychopath Act, and that, since no appeal is provided by statute, no appeal or writ of error will lie directly here.

The present case is distinguishable from *People* v. *Kadens,* 399 Ill. 394, in which we reviewed the proceeding on its merits. In that case, upon a hearing to determine the question of restoration to sanity, the trial court placed a construction upon the statute which permanently deprived the defendant of his liberty and thus put in issue the validity of the statute itself. The construction of the act there made, we held, operated to deprive the defendant of due process of law. In such cases, where the validity of a statute itself is in question, this court can always take jurisdiction. (*Grennan* v. *Sheldon,* 401 Ill. 351.) But the validity of the statute under consideration here is not brought into question either by a construction thereof or by any assignment of error, nor is a constitutional question of due process presented.

The defendant in error has filed a motion to dismiss these proceedings, assigning as one of the grounds that since there is no authority in law for either an appeal or

202

a writ of error, this court has no power to transfer the case to the Appellate Court. There is no merit in this position, and the motion is accordingly denied.

Since there is no jurisdiction in this court to review the proceedings either by appeal or writ of error, the cause is transferred to the Appellate Court, Second District.

*Cause transferred.*