## People of State of Illinois, Defendant in Error, v. Richard Gordon Ross, Plaintiff in Error.

### Gen. No. 10,485.

 Opinion filed September 27, 1951. Released for publication October 15, 1951.

SIMPSON & SIMPSON, of Aurora, for plaintiff in error; J. P. SIMPSON, of counsel.

IVAN A. ELLIOTT, Attorney General, of Springfield, for defendant in error; JOHN S. PETERSEN, of Aurora, ERNEST W. AKEMANN, of Elgin, HARRY L. PATE, of Tuscola, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff in error was found to be a criminal psychopathic person by order of the circuit court of Kane county on November 10, 1949, by a verdict of the jury, and was ordered committed by the court to the Psychiatric Division of the Illinois State Penitentiary at Menard, Illinois. He sued out a writ of error to the Supreme Court to review the proceedings. (*People v. Ross,* 407 Ill. 199.) The Supreme Court there held that it did not have jurisdiction either by writ of error or appeal, and the cause was transferred to this court.

Among the errors urged to obtain a reversal of this order are that the petition does not allege or set forth sufficient facts, that one of the examining phychiatrists failed to meet the qualifications prescribed by the statute, that the examining psychiatrists failed to make recommendations, that the court refused to admit proper evidence, and that the verdict was contrary to the law and to the evidence.

The record discloses that the plaintiff in error is an unmarried Negro about thirty years of age, who was indicted by the grand jury of Kane county, on September 13, 1949, for the infamous crime against nature with another male. He commenced perverted sexual activities at the age of seven and persisted therein to the time of his indictment.

The testimony offered on behalf of the people shows that the defendant had admitted to several witnesses

408

his various acts of perversion occurring at different and many times throughout his life. The two phychiatrists who were appointed to examine him stated this in their preliminary reports and also by their testimony at the inquest. Further testimony was offered on behalf of the people by witnesses who testified that they had taken part in various acts of perversion with the defendant. The defendant's witnesses did not deny any acts of perversion, but only testified that they believed him to be an ordinary, normal, and sane individual. The testimony further discloses that he was convicted of the crime against nature in 1942 and was sentenced to the penitentiary. He engaged in homosexual activities while there. In their written reports the examining psychiatrists found him to be a criminal sexual psychopathic person.

The petition upon which the proceedings are based was filed on October 7, 1949, by the state's attorney of Kane county, wherein it was alleged that the plaintiff in error had been indicted for the crime against nature, that he had prior to that time been convicted of such a crime, and that for many years he had been given over to abnormal and unnatural sex habits and practices. All of this history shows that he is a criminal psychopathic person. The petition prayed for an appointment of two qualified psychiatrists.

The first question presented here is whether a review of these proceedings will lie to this court, either by writ of error or by appeal. The statute upon which the proceedings are based provides for no appeal. (Ill. Rev. Stat. 1949, chap. 38, par. 820–825 inclusive [Jones Ill. Stats. Ann. 37.665(1)–37.665(6)].)

Section 1 of the statute defines who is a criminal sexual psychopathic person, and states: "All persons suffering from a mental disorder, and not insane or feebleminded, which mental disorder has existed for a period of not less than one year, immediately

prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sexual offenses, are hereby declared to be criminal sexual psychopathic persons.''

Section 3 of the statute provides that when any person is charged with a criminal offense and it shall appear to the attorney general and the state's attorney of the county in which the person is so charged, that such person is a criminal sexual psychopathic person, the attorney general or state's attorney ''may file with the clerk of the court in the same proceedings wherein such person stands charged with a criminal offense a petition in writing setting forth facts tending to show that the person named is a criminal sexual psychopathic person.''

Section 4 of the statute provides the court may appoint two qualified psychiatrists to examine the accused, to file their report with their recommendations. This section further provides that a qualified psychiatrist means a reputable physician licensed to practice in Illinois, and who has exclusively limited his professional practice to the diagnosis and treatment of mental and nervous disorders for a period of not less than five years.

Section 5 of the statute provides that before the criminal offense is heard, a hearing shall be had on the petition before a jury for them to determine whether the person is a criminal sexual psychopathic person.

Section 6 of the act provides that after commitment, a petition may be filed to ascertain whether the person has recovered. This hearing is also provided to be before a jury and if the person is discharged by the verdict of a jury and an order of the court from the place of his commitment, he is brought back for trial on the criminal charge against him.

The Supreme Court in 1943 in the *People v. Sims,* 382 Ill. 472, held the statute constitutional. The

Supreme Court said on page 476 of the opinion: "This is a statute evidently enacted for the purpose of preventing persons suffering from a mental disorder, though not insane or feebleminded, being punished for crimes they commit during the period of such mental ailment, and is therefore in its operation not unlike the statutes providing for an inquiry into the sanity of one charged with crime before trial on the indictment." The court further says on page 477 of the opinion: "It is to be noted also that this is not a criminal proceedings in which the accused is entitled, under the rules as announced by this court, to a trial free from evidence of criminal proceedings theretofore had against him."

In the *People v. Redlich,* 402 Ill. 270, the Supreme Court had occasion to discuss this statute permitting commitment of criminal sexual psychopathic persons, *supra.* In that case the Supreme Court discusses the fact that this statute is similar in nature to the statute providing for inquiry by jury into the sanity of one charged with crime before trial on indictment, as enacted in Sections 12 and 13 of Division II of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, pars. 592 and 593) [Jones Ill. Stats. Ann. 37.553, 37.554]. On page 275 the Supreme Court says:

"The rule at common law was that an insane person or an idiot could not be required to plead to an indictment or be placed upon his trial for the crime charged. (4 Blackstone, 24.) Our legislature by enacting the provisions of sections 12 and 13 has declared its intention not to abrogate the common law in this respect, and by the enactment of the statute with which we are here concerned (Ill. Rev. Stat. 1947, chap. 38, pars. 820 to 825, incl.) has enlarged the scope of the common law so as to include any person charged with a criminal offense who, although not insane or feebleminded, is suffering from a mental disorder of the character described in the statute. Sections 12 and

411

13 have provided a method for determining whether a person against whom criminal proceedings are pending is insane or feebleminded; and the said act of 1938 has provided a similar method for determining whether an accused who is not insane or feebleminded is suffering with the mental disorder defined by the act. The trial of the question of his insanity, feeble-mindedness, or psychopathy, as defined by statute, is no part of the criminal proceedings, has no connection with his guilt or innocence, and is not in aid of a determination of that question, but the sole object of the proceeding is to ascertain the mental condition of the accused, whether or not insane, feebleminded or psychopathic, as defined by statute, so as to determine if he should be required to plead to the indictment and be placed upon trial for the offense charged. Ill. Rev. Stat. 1947, chap. 38, pars. 592, 593, and 820 to 825 incl.; *People v. Reck*, 392 Ill. 311; *People v. Sims*, 382 Ill. 472.

"A proceeding to determine whether a person charged with a criminal offense is a criminal sexual psychopathic person is a proceeding preliminary to his trial upon the indictment. The object of the legislature in providing for the proceeding, as clearly appears from the statute in question, was to prevent a person afflicted with such mental disorder from being tried for a criminal offense until he had recovered from such psychopathy."

It would appear from the expressions of the Supreme Court in the above cases that if an appeal or writ of error will not lie in the cases involving the fact whether defendant has become insane since he was indicted, it would not lie here. In *People v. Bechtel*, 297 Ill. 312, the court said that the proceedings to determine whether a defendant had become insane since he was indicted does not involve the guilt or innocence of the defendant, and as the proceedings

412

are wholly statutory, and as no appeal is provided by the statute, no appeal lies from a finding that the defendant is not insane.

In *People v. Cornelius,* 392 Ill. 599, the Supreme Court held that a sanity hearing under Section 13, Division II of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, pars. 592 and 593, *supra*) is a civil proceedings, which forms no part of the hearing on the criminal charge, and the Supreme Court does not have jurisdiction on direct review, either by appeal or by writ of error, to review the same. The court said on page 601 of the opinion: "Whether a writ of error from the Appellate Court will lie is a question to be addressed to that court. The cause is transferred to the Appellate Court for the Second District." This last case was considered by this court in *People v. Cornelius,* 332 Ill. App. 271. This court in its opinion analyzes the reasons why a writ of error or appeal will not lie to review the question of whether a person charged with crime was insane at the time of the hearing. We believe that a restatement of the rules announced by us in the *Cornelius Case, supra,* gives the underlying reasons why no appeal or writ of error will lie, will be helpful, and will be conclusive to the decision of this case. This court said in its opinion on page 274:

"(1–7) The rule at common law is well settled that a person, while insane, cannot be tried, sentenced or executed. The underlying reason is that, if tried while insane his insanity might disable him from making a rational defense. By statute in this and in many other jurisdictions, it is provided that if, at any time while criminal proceedings are pending against a person accused of crime, the trial court have facts brought to its attention which raise a question as to the sanity of the defendant, that question should be settled before any further steps are taken. The trial of the question

413

of present insanity is not a trial of an indictment but is preliminary to such trial and the object is simply to determine whether the person charged with the offense and alleged to be insane shall be required to plead and proceed to the trial of the main issue of guilty or not guilty. The burden of proof on the issue of present insanity rests on the defendant, at least to the extent of overcoming the presumption of sanity and that issue is purely collateral and similar to the issues involved upon an application for a continuance or the qualification of a talesman when the jury is being impaneled (14 R. C. L. 605–6, Insanity, Sec. 59; *People v. Gavrilovich,* 265 Ill. 11; *People v. Bechtel,* 297 Ill. 312). In the *Bechtel* case cited by the Supreme Court in its opinion in the instant case, the defendant who had been indicted for a criminal offense, sought to appeal to the Supreme Court from an order of the circuit court of Shelby county, entered upon a verdict of a jury, after indictment but before trial finding the defendant was not insane. The proceedings were had under that section 13 of division 2 of the Criminal Code. The court held that the proceeding was not an action at law or a proceeding in equity but was purely statutory, that it was wholly preliminary to the trial on the indictment and was not a part thereof, that it was an inquiry directed to the issue whether or not the defendant had become insane since the date of the alleged crime and that the issues do not involve the question of the guilt or innocence of the defendant. The court dismissed the appeal stating that no reason is perceived why an appeal should lie in such a case unless provided by statute and that no appeal from a hearing of this kind has been provided for. The court therefore was without jurisdiction to entertain the appeal. The right to have any judgment reviewed by appeal did not exist at common law. This is a right which is purely statutory and may be granted by the legislature or withheld. An appeal is a privilege, it

is not an inherent or inalienable right. 'The legislature may prescribe in what cases, under what circumstances and from what court, appeals may be taken; unless the statute expressly or by plain implication makes provision therefor, there is no right of appeal.' (2 Am. Jur. 847, sec. 6; *Sullivan v. Haug,* 82 Mich. 548; *Murray v. Hagmann,* 315 Ill. 437; *Bondurant v. Bondurant,* 251 Ill. 324, 327.) A writ of error, however, is a writ of right by the common law and lies in all cases, civil and criminal, except capital cases but can, of course, be regulated by statute. (*Unknown Heirs of Langworthy v. Baker,* 23 Ill. 484, 487.)

"(8) It is elementary that many matters of practice and procedure are not reviewable either on appeal or by writ of error. (2 Am. Jur. 889, sec. 63.) In *Saylor v. Duel,* 236 Ill. 429, the court dismissed an appeal from the county court of DuPage county and held that there was no authority of law for taking an appeal in a proceeding to contest a local option election brought under section 19 of the Local Option Act of 1907. In the course of its opinion the court said: 'In this state the right of appeal in any case is purely statutory with the possible exception of certain classes of cases enumerated in Section 11 of Article 6 of the Constitution of 1870, in which the right of appeal from the Appellate to the Supreme Court in certain enumerated cases seems to be guaranteed by the Constitution.' The court further stated that the fact that the legislature has seen proper to withhold the right of appeal would not be a deprivation of any constitutional right and quoted from *Pittsburg, C., C. & St. L. Ry. Co. v. Bacus,* 154 U. S. 421 where it is said: 'One hearing, if ample before judgment, satisfies the demand of the constitution in this respect . . . If a single hearing is not due process, doubling it will not make it so.'

"(9, 10) There is no provision found in our statute granting either the People or the defendant a right to have any judgment order entered upon the verdict

of a jury finding the defendant insane under this section of the Criminal Code reviewed either by appeal or writ of error by any court. In 2 Am. Jur. 936, sec. 142, it is said that the ruling of the trial court upon the application for a hearing as to the sanity of the person is not reviewable by appeal or writ of error and that the judgment of the trial court adjudging the defendant to be sane is conclusive of that issue.

"(11) The reason why no appeal or writ of error should lie to review an order of the circuit court finding the defendant sane upon a preliminary hearing is because the order is interlocutory and to permit a person to appeal from such an order would be to delay the trial of the charges in the indictment. A defendant, awaiting trial upon an indictment, could have a hearing and the jury return a finding that the defendant was sane. If then there is a right to have judgment entered on that verdict reviewed, the trial upon the charge in the indictment would necessarily be postponed until a reviewing court had passed upon the question and thus the administration of justice would be thwarted for an indefinite term. The legislature may have had these matters in mind when it declined to provide any means for a review of this preliminary or interlocutory order. Furthermore the opinion in the *Bechtel* case was filed in 1929. Eighteen years have elapsed since the Supreme Court dismissed the appeal in that case and if the legislature felt that such a preliminary order as the one we are asked to review, should be reviewed, the matter would have long since received the attention of the General Assembly.

"(12–14) The fact that this is a civil proceeding and under section 74 of the Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, par. 198; Jones Ill. Stats. Ann. 104.074), the judgment, if reviewable, shall be subject to review by notice of appeal and not by writ of error would not, alone, under Supreme Court Rule

28, be a sufficient ground for the dismissal of this writ of error, inasmuch as the issues sufficiently appear upon the record before us. (Ill. Rev. Stat. 1945, ch. 110, par. 259.28, p. 2543 (Jones Ill. Stats. Ann. 105.28)). The judgment order, however, which we are asked to review is not a final one but interlocutory. An appeal or writ of error both at common law and under our statute lies only to review final judgments unless some statute expressly authorizes such review. (*Murray v. Hagmann,* 315 Ill. 437.) The writ of error in the instant case was sued out by Mildred Cornelius, a person whom the jury found to be insane. Suing out a writ of error is the commencement of a new suit. (*Iago v. Iago,* 168 Ill. 339.) Whether plaintiff in error could sue out a writ of error in her own name need not be determined as we are clearly of the opinion that the judgment order of the trial court is not reviewable by this court either by appeal or writ of error.

"(15, 16) In arriving at this conclusion we have not overlooked what was said by the Supreme Court in *People v. Scott,* 326 Ill. 327 to the effect that where property rights or personal liberty is involved, independent of statutory or constitutional provisions, the writ of error lies from the Supreme Court by force of the common law. The Constitution authorized the General Assembly to create Appellate Courts and to prescribe the appeals which may be taken to and the writs of error which may be prosecuted therefrom. The jurisdiction therefor which this court exercises must be conferred upon it by the General Assembly. (*Murray v. Hagmann,* 315 Ill. 437.) Jurisdiction to review this judgment has not been conferred upon this court and therefore the writ of error must be dismissed."

In our opinion the statutes above discussed should have a like construction here. Neither statute provides for an appeal or writ of error. The order in this case

417

is interlocutory in the same sense as the order in the *Cornelius* case, *supra,* was interlocutory. The attorney general and the state's attorney have urged in their briefs that no writ of error or appeal will lie. We agree with their contention. Jurisdiction to review this case has not been conferred by law on this court; therefore the writ of error should be and is dismissed.

*Writ of error dismissed.*