252 F.2d 217
 The PEOPLE of the United States of America ex rel. Earl
Henry TURNBAUGH, Petitioner-Appellant,
v.
Joseph D. BIBB, Director of Department of Public Safety;
Ross V. Randolph, Warden, Illinois State
Penitentiary, Menard, Illinois; Grove B.
Smith, Psychiatrist, Menard,
Illinois,
Respondents-
Appellees.
 No. 12064.
 United States Court of Appeals Seventh Circuit.
 Feb. 18, 1958.
 
 Richard James Stevens, Chicago, Ill., for appellant.
 Latham Castle, Atty. Gen., Theodore G. Maheras, William C. Wines, Asst. Attys. Gen., of counsel, for appellees.
 Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit judges.
 DUFFY, Chief Judge.
 
 
 1
 Petitioner, now confined in the Illinois State Penitentiary at Menard, Illinois, as a criminal sexual psychopath under Chapter 38, 820-825, Illinois Revised Statutes, instituted this action in the District Court under the Civil Rights Statute, Title 42 U.S.C.A. 1983.
 
 
 2
 Petitioner prays for the issuance of a writ of injunction ordering his release from further confinement. He charges that his confinement deprives him of his constitutional right to a speedy trial, and that the Illinois Sexual Psychopath Act under which his confinement was ordered, violates the Fourteenth Amendment to the Constitution of the United States.
 
 
 3
 The District Court allowed the Petitioner to proceed in forma pauperis, and after consideration, ordered that his petition be dismissed. Petitioner thereafter filed his notice of appeal to this Court and he was again permitted to proceed in forma pauperis.
 
 
 4
 On his appeal, this Court appointed Richard James Stevens, Esq., as counsel to represent petitioner. Mr. Stevens has very thoroughly and ably discharged this assignment.
 
 
 5
 The proceedings resulting in petitioner's confinement may be summarized as follows: On September 25, 1950, petitioner was arrested charged with contributing to the delinquency of a female minor in violation of Chapter 38, 104, Illinois Revised Statutes. Shortly after his arrest a two-count indictment was filed against him in the Criminal Court of Cook County, Illinois, charging him with violations of the statute last mentioned. He does not appear to have been released on bail at any time, nor does it appear what plea, if any, was entered to the charges set forth in the indictment. On January 4, 1951, the State's Attorney of Cook County filed a petition in his name in the Criminal Court of Cook County under Chapter 38, 820-825, alleging among other things that petitioner was suffering from a mental disorder, though not insane or feeble minded; that the mental disorder had existed for more than one year; and that petitioner was deemed a criminal psychopathic person. The prayer of the State's Attorney's petition demanded that the Court appoint two qualified psychiatrists to examine petitioner for the purpose of ascertaining whether he was then a criminal psychopathic person, and to file with the Court a report in writing of such examination including their conclusions and recommendations as provided by law.
 
 
 6
 Chapter 38, 820-825, Illinois Revised Statutes, under which such petition was filed, has been held to be valid and constitutional. People v. Ross, 344 Ill.App. 407, 101 N.E.2d 112. If, in proceedings under such statutes, the jury shall determine that the person proceeded against is a criminal psychopathic, such person shall be committed to the Department of Public Safety of Illinois for confinement until a jury shall determine that such person has fully recovered, at which time he must stand trial for the criminal offense charged in the indictment. People v. Elder, 345 Ill.App. 607, 104 N.E.2d 120.
 
 
 7
 Upon the petition of the State's Attorney, trial was had before the Criminal Court of Cook County and a jury. Petitioner was present in person and was represented by counsel employed by him. Testimony of witnesses was heard together with arguments of counsel. The jury returned its verdict finding that petitioner was then 'a criminal psychopathic person.'
 
 
 8
 On such record, the Criminal Court of Cook County entered its order providing, among other things, that petitioner be forthwith committed to the custody of the Department of Public Safety of the State of Illinois, to be confined in the Psychiatric Division of the Illinois State Penitentiary in safe and secure custody until he shall have recovered from such psychopathy, or until he shall be discharged by due process of law.
 
 
 9
 Petitioner was accordingly committed and has since so remained. Petitioner has made no attempt to secure a further trial in the Criminal Court of Cook County under Chapter 38, 820-825, Illinois Revised Statutes, with a view of obtaining a jury finding and court order that he is no longer a psychopathic person, in which event he would then be subject to be placed on trial under the indictment previously returned against him.
 
 
 10
 We hold the Illinois Sexual Psychopath Act does not violate the rights of petitioner under the Fourteenth Amendment to the Constitution of the United States. The District Court properly dismissed the petition, for petitioner did not exhaust his State Court remedies. In any event, there were no special circumstances demanding that the District Court exercise jurisdiction by granting equitable relief.
 
 
 11
 The quotation from our opinion in Kelly v. Dowd, 7 Cir., 140 F.2d 81, is appropriate. We there said, page 82: '* * * Federal jurisdiction is to be exerted only in exceptional cases involving such an emergency or great urgency as necessitate action to prevent irreparable injury. The jurisdiction to interfere with the proceedings of state governmental bodies charged with the prosecution and punishment of offenders is an exceedingly delicate one to be exercised with the greatest of care and nicest sense of propriety. In the absence of the exceptional circumstances mentioned, a sense of comity and due regard for state jurisdiction demand that the applicant be left to his remedies with the state courts who, no less than those of the United States, are charged with the obligation to recognize and protect his constitutional rights.'
 
 The order of the District Court is
 
 12
 Affirmed.