THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WILLIAMS, Defendant-Appellant.

(No. 54492;

First District—November 18, 1970.

Gerald W. Getty, Public Defender, of Chicago, (Michael B. Weininger, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

The Public Defender appointed to represent defendant has filed a petition for leave to withdraw pursuant to his determination and belief that the judgment entered on the jury's verdict finding the defendant incompetent is not appealable.

On May 25, 1967, the defendant was indicted for the offense of murder. On October 14, 1968, defendant was found incompetent by a jury and the court adjudged defendant incompetent to stand trial and ordered that he be confined in the Illinois Security Hospital. Subsequently, pursuant to a motion by the State's Attorney, the murder indictment against defendant was reinstated on the trial docket. On June 30, 1969, the State filed a petition for a competency hearing; a jury was selected; and after hearing the evidence found the defendant incompetent for a second time. The court entered a second order adjudging the defendant incompetent to stand trial and ordered him confined to the Illinois Security Hospital. At the time of the June 30, 1969, competency hearing the October 14, 1968, incompetency judgment was still in effect. Defendant appeals from the June 30, 1969, judgment finding him incompetent to stand trial.

On September 8, 1970, defendant was notified by this court of the Public Defender's motion to withdraw and was sent copies of the petition and the brief in support thereof. He was advised that he had until November 7, 1970, to file any points he might choose in support of his appeal. Defendant has failed to file any such points.

■■ The proceedings to determine competency, Ill. Rev. Stat, 1967, ch. 38, § 104, under which a defendant is declared incompetent, is a preliminary civil proceeding in which an accused's competency is to be determined by a preponderance of the evidence. *People v. Rosochacki*, 41 Ill.2d 483.

■■ A judgment order finding a defendant incompetent is neither a final judgment (*People v. Cornelius*, 332 Ill.App. 271) nor has it been enumerated as a finding entitled to an interlocutory appeal. (Illinois Supreme Court Rules, Ill. Rev. Stat., 1967, ch. 110A, § 307.)

The motion of the Public Defender for leave to withdraw is granted and the appeal is dismissed.

Appeal dismissed.

ENGLISH and LEIGHTON, JJ., concur.