THE STATE, EX REL. LEIS, PROS. ATTY., APPELLANT, *v.*
KRAFT, JUDGE, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* JOHNSON, APPELLEE.

[Cite as State, ex rel. Leis, *v.* Kraft (1984), 10 Ohio St. 3d 34.]

(Nos. 83-76 and 83-82—Decided March 28, 1984.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Christian J. Schaefer*, for appellants.

*Ms. Kathleen C. King*, for appellees.

J.P. CELEBREZZE, J. In *State* v. *Souel, supra*, this court held that the results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment only where certain procedural safeguards are met. Among them is a requirement that the prosecuting attorney join in a written stipulation providing that the test be conducted and the resultant graph and examiner's opinion be admitted at trial. *Id.* at paragraph one of the syllabus. We have since been urged to relax these standards and have specifically declined to do so. *State* v. *Levert* (1979), 58 Ohio St. 2d 213, 215 [12 O.O.3d 204].

In ruling on appellee Johnson's motion below, the trial court did not follow *Souel*, but instead fashioned a less restrictive rule based upon the Ohio Rules of Evidence which were effective July 1, 1980.[1] In *State* v. *Johnson*, appellant state of Ohio asserts that this ruling is an appealable order and that the court of appeals erred in finding otherwise. Alternatively, in *State, ex rel. Leis*, v. *Kraft*, the appellant prosecuting attorney argues that mandamus lies to force the trial judge to set aside his order and that the court below should not have dismissed his complaint. Appellees contend that neither option is available to appellants and that they are precluded from challenging the court's order.

We begin our discussion of these issues by noting Section 3(B)(2), Article IV of the Ohio Constitution which pertains to the appellate jurisdiction of the courts of appeals. That section provides, in relevant part:

"Courts of appeals shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals within the district * * *." (Emphasis added.)

The italicized portions of this section underscore two limitations which are critical to a resolution of this case.

First, the courts of appeals have only such jurisdiction as is "provided by law." This court has consistently understood this provision to mean that the state may not prosecute error in a criminal matter unless it has express authority to do so. *State* v. *Brenneman* (1973), 36 Ohio St. 2d 45, 46 [65 O.O.2d 204]; *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 210 [70 O.O.2d 395]; *Mick* v. *State* (1905), 72 Ohio St. 388, paragraph one of the syllabus. Accordingly, we must refer to the appropriate legislative enactment to determine whether an appeal will lie in this case.

R.C. 2945.67(A) delineates the circumstances under which the state may prosecute an appeal in a criminal matter. That section provides, in part:

---

[1] Specifically, the court relied upon Evid. R. 704 which provides:

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

"A prosecuting attorney * * * may appeal as a matter * * * [of] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to Sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

Under the statute, there are two types of appeals which may be available to the state. The first is an absolute right of appeal applicable only where the trial court's decision falls within one of the four circumstances set forth in the statute. This case does not fit any of these provisions; hence, appellant has no absolute right to appeal in this case.

The statute also allows for a second type of appeal which may be taken from any decision other than the type referred to above or, owing to double jeopardy considerations, the final verdict. This appeal is conditional as it may be had only by leave of the court of appeals. However, from its context, that decision is intended in a broad sense. It clearly is inclusive enough to embrace the order of the trial court which is at issue in this case.

As we have previously noted, however, the Ohio Constitution contains another limitation in that the courts of appeals have authority to review "judgments or final orders" only. As such, a question remains in this case as to whether the trial court's decision constituted a judgment or a final order. The answer to this question turns upon the concept of "final order."

R.C. 2505.02 provides that a "final order" is one "* * * affecting a substantial right made in a special proceeding * * *." In *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 108 [53 O.O.2d 302], we determined that this definition applies to criminal appeals as well as civil. We also undertook an analysis of the term "special proceeding" and concluded that a pretrial proceeding on a motion to suppress evidence in a criminal matter is such a proceeding. *Id.* at 109. We further concluded that the trial court's order granting such motion in that case was one "affecting a substantial right," as deprivation of the subject evidence rendered a conviction virtually unattainable. *Id.* at 110. It was also stressed that the state occupies a unique position in relation to the accused in that the latter can appeal the court's ruling on a motion to suppress following his conviction whereas the state is precluded from appeal following the conclusion of the case. *Id.;* see R.C. 2945.67(A).

This point was further developed in *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 447-448 [16 O.O.3d 461], wherein the following remarks appeared:

"Research discloses that a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment. A ruling which implicates a claim of right that would be irreparably lost if its review need await final judgment is likely to be deemed a

final order. Thus, a hearing on a motion to suppress evidence in a criminal prosecution was found to be a special proceeding in *State* v. *Collins* (1970), 24 Ohio St. 2d 107 [53 O.O.2d 302], partly in light of the fact that, if the motion were to be sustained and the defendant released, the state would thereafter have no right of appeal. Likewise, a proceeding on a motion to dismiss for double jeopardy was considered a special proceeding in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], the court noting, at page 258, that " 'an erroneous decision on a double jeopardy claim cannot be effectively reviewed after judgment within the second trial; by that time, the defendant's right has been violated.' "

From the foregoing, it is evident that the existence of a remedy by way of appeal at the conclusion of a case is a major consideration in determining whether an order was made in a special proceeding. However, in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258 [21 O.O.3d 158], this court noted that an equally important, but competing, consideration is the orderly flow of litigation which is impeded by the taking of appeals at various interlocutory stages. As such, our opinion provided:

"* * * [W]hether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable."

Applying these principles to the case at bar, we note that the trial court's decision concerning the polygraphic examination was clearly erroneous as being diametrically opposed to the existing case law. Absent an appeal at this stage of the proceedings, the state would be helpless to prevent this miscarriage of justice. Moreover, although the allowance of the present appeal certainly interferes with the prompt disposal of this matter, the ultimate result is the conservation of judicial assets by avoiding the cost of conducting a polygraphic examination, the results of which will be inadmissible.

Therefore, for the foregoing reasons, we are compelled to conclude that the hearing on appellee's motion was a "special proceeding" and that the court's ruling affected a substantial right. It follows, then, that the granting of an accused's motion for a polygraphic test at state expense in a criminal case is a "final order" within the meaning of Section 3(B)(2) of Article IV of the Ohio Constitution and is therefore appealable by leave of court under R.C. 2945.67(A). As such, in *State* v. *Johnson*, the court of appeals erred in finding that it was without authority to grant an appeal.

Having disposed of that case, the remaining appeal in *State, ex rel. Leis*, v. *Kraft* from the dismissal of appellant's complaint in mandamus is easily resolved.

This court has heretofore held that the discretionary right of appeal is a plain and adequate remedy at law, the existence of which precludes resort to mandamus. *State, ex rel. Cleveland*, v. *Calandra* (1980), 62 Ohio St. 2d 121, 122-123 [16 O.O.3d 143]. Therefore, the court of appeals correctly dismissed appellant's complaint in mandamus.

Based upon the foregoing, the judgment in *State, ex rel. Leis,* v. *Kraft* is affirmed. The judgment in *State* v. *Johnson* is reversed.

*Judgment affirmed in case No. 83-76.*
*Judgment reversed in case No. 83-82.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.