THE STATE OF OHIO, APPELLEE, *v.* SCOTT, APPELLANT.

(No. 84AP-680—Decided October 16, 1984.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*James Kura,* county public defender, *Barbara J. Slutsky* and *Gloria Eyerly,* for appellant.

REILLY, J. This matter comes before the court on the motion of the state to dismiss defendant's appeal for want of jurisdiction. The basis of the motion is that the order from which defendant, Jeffrey Allen Scott, appeals, finding defendant competent to stand trial, is not a final, appealable order subject to review by this court.

In the early case of *Inskeep* v. *State* (1880), 35 Ohio St. 482, the Supreme Court held that there was no appeal from the special proceedings conducted prior to trial to determine the sanity of the defendant. See, also, *Inskeep* v. *State* (1880), 36 Ohio St. 145, holding that such pretrial proceedings are not even subject to post-conviction review. These decisions have never been disturbed by the Supreme Court, and have, in fact, been recognized and applied in later decisions. See, *e.g., State* v. *Hagert* (1944), 144 Ohio St. 316 [29 O.O. 454]; *State* v. *Hunt* (1976), 47 Ohio St. 2d 170 [1 O.O.3d 99].

Nevertheless, defendant asserts that the determination of competency to stand trial made by the trial court is a judgment made in a special proceeding, and hence is appealable pursuant to the provisions of R.C. 2505.02. It is argued that a criminal defendant has a due process right in the review of a trial court's finding of competency, and that such right is not adequately protected following the trial of the actual charges. Thus, defendant asserts, under the balancing test of *State, ex rel. Leis,* v. *Kraft* (1984), 10 Ohio St. 3d 34, defendant's interest in immediate review outweighs the orderly disposition of the case, making the determination of competency one made in a special proceeding and appealable prior to the actual trial.

This court is vested by Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2953.02 with jurisdiction to review the judgment or final order of courts of record inferior to this court of appeals. As recognized by the Supreme Court in *Hunt, supra,* the judgment in a criminal case is generally the sentence. However, this court also has appellate jurisdiction over certain other orders and judgments entered in a criminal case, which are termed "final order[s]" in R.C. 2505.02. That section reads, in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

In *State, ex rel. Leis, supra,* the Supreme Court recognized that the conservation of judicial assets outweighed the prompt disposal of a criminal trial, on the facts presented, and allowed an appeal pursuant to R.C. 2505.02 from the trial court's order that the accused be provided with a polygraph test at the state's expense. The court noted that the test would be ultimately inadmissible, and that the state was without the means to avoid the cost of providing the test if no immediate appeal was allowed from the order. A further consideration was that an appeal after final judgment was similarly ineffective to accord the state relief. Other preliminary orders in criminal trials held subject to immediate appeal include orders suppressing evidence, since the state would have no right to appeal following acquittal, *State* v. *Collins* (1970), 24 Ohio St. 2d 107 [53 O.O.2d 302], and orders denying dismissal due to double jeopardy, since an appeal after final judgment in the second trial would not protect the accused from that second trial if it was con-

ducted in error. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262].

In *State* v. *Hunt, supra,* the court was asked to determine whether the finding of a trial court that an accused was incompetent to stand trial, and that the court's order committing the accused to Lima State Hospital, constituted a final order subject to appeal. The court determined, after a review of the pretrial competency procedures of R.C. 2945.37 through 2945.39, that such was not a final appealable order pursuant to R.C. 2505.02. In *Hunt,* the court stated, at 174, that:

"* * * it is our opinion that the findings of a competency hearing, which is preliminary and collateral to a determination of the defendant's guilt or innocence, is not a 'final order' as defined in R.C. 2505.02." (Footnote omitted.)

While *State* v. *Hunt, supra,* involved the trial court's determination of incompetency rather than competency, as is involved herein, the language of the opinion in that case, quoted above, considered together with the balancing test applied in *State, ex rel. Leis, supra,* all lead to the conclusion that the order now in question is not a final, appealable order. Although the earlier cases involving the former statutes providing for review by petition in error may be distinguishable and some more recent cases as to the nature of special proceedings may suggest a different result, this court is bound by *State* v. *Hunt, supra,* which specifically holds that a competency determination under R.C. 2945.38 is not one made in a special proceeding within the contemplation of R.C. 2505.02.

Moreover, unlike the interests involved in *State, ex rel. Leis, supra; State* v. *Collins, supra;* and *State* v. *Thomas, supra,* the rights guaranteed by the requirement that a criminal defendant must be mentally competent to stand trial can be adequately protected by appeal following entry of a judgment of conviction. The mandate that a defendant be competent to stand trial, that is capable of understanding the nature and objective of the proceedings against him and of presently assisting in his defense, stems from the Due Process Clause of the United States Constitution. See, *e.g., Pate* v. *Robinson* (1966), 383 U.S. 375; *Drope* v. *Missouri* (1975), 420 U.S. 162. Thus, any error in a determination that a defendant is competent to stand trial can be remedied by reversal and subsequent retrial with due process of the law. By contrast, reversal was not an adequate remedy in the above-cited cases.

Thus, for the foregoing reasons, the order from which defendant appeals is not a final, appealable order, and this court is without jurisdiction to consider it on appeal.

Accordingly, the motion to dismiss is well-taken, and this appeal is hereby dismissed for want of a final, appealable order.

*Appeal dismissed.*

WHITESIDE and MOYER, JJ., concur.