The STATE of Ohio, Appellee,

v.

NEWBERRY, Appellant.

[Cite as *State v. Newberry* (1989), 65 Ohio App.3d 179.]

Court of Appeals of Ohio,
Ross County.

No. 1595.

Decided Oct. 30, 1989.

*Richard G. Ward,* Prosecuting Attorney, and *William H. Allyn, Jr.,* for appellee.

*Alfred E. Baerkircher,* for appellant.

HARSHA, Judge.

This matter came on for consideration upon appellee's motion to dismiss for lack of jurisdiction. Appellant has not filed a memorandum contra.

The underlying appeal is from an order filed by the Ross County Court of Common Pleas denying the motion of Brenda Newberry, defendant-appellant, for a hearing on the denial of her admission to the Ross County Diversion Program.

Appellant assigned the following error, which is phrased as a statement:

"Admission to a prosecutor's diversion program authorized by R.C. 2935.36 is a benefit entitled to protection by due process under the Ohio Constitution, Article I, Section 16, and the Fourteenth Amendment of the United States Constitution."

On December 16, 1988, a Ross County Grand Jury returned an indictment charging appellant with one count of theft in violation of R.C. 2913.02.

Appellant's arraignment on the indictment was continued in order to permit her to apply for the county diversion program in an attempt to be diverted from further prosecution on the theft charge. Appellant was denied admission into the diversion program. Appellant subsequently filed a motion for a hearing on her denial of admission to the diversion program or for dismissal of the theft charge. On April 17, 1989, the court below filed an entry overruling appellant's motion. On May 5, 1989, appellant filed a notice of appeal from the April 17, 1989 entry. On August 15, 1989, appellee filed a motion to dismiss the instant appeal in that it is not a final appealable order. We agree.

In a criminal case, the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals. R.C. 2953.02. R.C. 2505.02, which is applicable to criminal as well as civil proceedings, see *State v. Thomas,* 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, certiorari denied (1980), 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64; *State v. Loshin* (1986), 34 Ohio App.3d 62, 517 N.E.2d 229, provides, in pertinent part, as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

Generally, it has been held that the denials of pretrial motions in criminal proceedings do not constitute final appealable orders, see, *e.g. State v. Scott* (1984), 20 Ohio App.3d 215, 20 OBR 261, 485 N.E.2d 818, and, further, that for purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence. *State v. Shinkle* (1986), 27 Ohio App.3d 54, 55, 27 OBR 57, 58, 499 N.E.2d 402, 404; *State v. Eberhardt* (1978), 56 Ohio App.2d 193, 10 O.O.3d 197, 381 N.E.2d 1357.

It can scarcely be contended that the entry appealed from herein either "determines the action and prevents a judgment" pursuant to the first category of final orders specified in R.C. 2505.02 or "vacates or sets aside a judgment or grants a new trial" pursuant to the third category of R.C. 2505.02. Consequently, appellant asserts that the order appealed from herein fits under the second category listed in R.C. 2505.02 and that it is thus a final appealable order since it affected a substantial right and was made in a "special proceeding."

■ Whether an order is made in a special proceeding is resolved through a balancing test which weighs the harm to the prompt and orderly disposition of litigation and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after judgment is not practicable. *In re Guardianship of Johnson* (1987), 35 Ohio App.3d 41, 43, 519 N.E.2d 655, 658; *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 258, 21 O.O.3d 158, 161, 423 N.E.2d 452, 455–456.

■ Some pretrial orders that have been held to constitute final orders in criminal cases include a state appeal from an order that an accused be provided a polygraph test at state expense, *State, ex rel. Leis, v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372, orders suppressing evidence, *State v. Collins* (1970), 24 Ohio St.2d 107, 53 O.O.2d 302, 265 N.E.2d 261, and orders denying dismissal due to double jeopardy, *Thomas, supra.* In the case at bar, unlike the interests involved in *Leis, Collins,* and *Thomas, supra,* any rights arguably guaranteed by R.C. 2935.36 and constitutional due process would appear to be adequately protected by appeal following the entry of a judgment of conviction. *Scott, supra,* 20 Ohio App.3d at 217, 20 OBR at 263, 485 N.E.2d at 820. Appellant's bald assertion that there will "no longer be an issue of diversion after trial," for which she cites no supporting authority, is implicitly controverted by the two decisions of the Second District Court of Appeals noted by appellee, *State v. Godwin* (Apr. 24, 1981), Montgomery App. No. 6934, unreported, 1981 WL 2784, and *State v. Rutledge* (Apr. 27, 1981), Montgomery App. No. 7027, unreported, 1981 WL 2786. In these cases, assertions of an erroneous failure to accept defendants for county diversion programs were addressed on appeal from the entries of conviction and sentence. Accordingly, such order appealed from herein is not an order made in a special proceeding, and, therefore, the order is not final and appealable pursuant to R.C. 2505.02. For the foregoing reasons, in that the instant appeal is premature, appellee's motion to dismiss is granted and the appeal is dismissed.

*Appeal dismissed.*

STEPHENSON, J., concurs.

GREY, J., concurs separately.

GREY, Judge, concurring.

I concur that this is not a final appealable order using the balance test of *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. If it were, every defense attorney would file for pretrial diversion and appeal when it was denied. It puts a difficult burden on the

prosecution to have to face this delay, and there would only be a few cases where refusal was discriminatory.

However, we would have a real problem with cases where the refusal was discriminatory. R.C. 2935.36 says the program shall be administered according to standards drafted by the trial judge. Suppose the standards were not followed, or suppose some egregious discriminatory standard was used to deny admission, *e.g.*, the diversion was denied because the defendant was a woman or was black. Would we entertain such an assignment of error after conviction? And if we did and found it to be well taken, what would be the disposition in the case? Reverse the conviction and remand for admission into the program?

This dismissal leaves us with a lot of unanswered questions.