The STATE ex rel. PAIGE

v.

LISOTTO, Judge.

[Cite as *State ex rel. Paige v. Lisotto* (1997), 118 Ohio App.3d 418.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 111.

Decided June 6, 1997.

*James R. Wise* and *Louis M. DeFabio*, for relator.

*Paul J. Gains*, Mahoning County Prosecuting Attorney, for respondent.

---

*Per Curiam.*

Relator has filed on June 6, 1997, an alternative complaint in prohibition or mandamus seeking to exclude "other acts" evidence to be admitted into evidence from relator's capital trial.

The requisite elements to obtain a writ of prohibition or mandamus are stated in *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 349, 544 N.E.2d 657, 659–660:

"For a writ of prohibition to issue, a relator must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that a power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State, ex rel. Tollis, v. Court of Appeals* (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729. For a writ of mandamus to issue, a relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondent is under a clear legal duty to perform the requested act, and (3) that there is the absence of a plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225."

To consider an extraordinary writ at this juncture in the criminal trial process this court must determine that the relator's interest in immediate review and conservation of judicial assets outweighs the orderly disposition of the case through the process of a criminal trial. See *State v. Scott* (1984), 20 Ohio App.3d 215, 20 OBR 261, 485 N.E.2d 818, wherein the Tenth District Court of Appeals determined that a determination of competency to stand trial was not a special proceeding subject to immediate review. See, also, *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372, for a discussion of the balancing test to apply.

The Ohio Supreme Court has repeatedly held that extraordinary actions are not available to obtain relief when the remedy by way of appeal is available. For example, a claim challenging the validity or sufficiency of an indictment is not recognizable in habeas corpus. *State ex rel. Richard v. Seidner* (1996), 77 Ohio St.3d 68, 671 N.E.2d 28; *State ex rel. Simpson v. Lazaroff* (1996), 75 Ohio St.3d 571, 664 N.E.2d 937.

As this court recently stated in *State v. Cornwell* (Apr. 21, 1997), Mahoning App. No. 97 C.A. 87, unreported, involving a capital case:

"As stated in *State v. Newberry* (1989), 65 Ohio App.3d 179 at 181 [583 N.E.2d 365 at 366]:

"'Generally, it has been held that the denials of pretrial motions in criminal proceedings do not constitute final appealable orders, see, *e.g., State v. Scott* (1984), 20 Ohio App.3d 215, 20 OBR 261, 485 N.E.2d 818, and, further, that for purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence. *State v. Shinkle* (1986), 27 Ohio App.3d 54, 55, 27 OBR 57, 58, 499 N.E.2d 402, 404; *State v. Eberhardt* (1978), 56 Ohio App.2d 193, 10 O.O.3d 197, 381 N.E.2d 1357.'

"Any constitutional due process right, alleged to be violated, would appear to be adequately protected by appeal following the entry of a judgment of conviction. See, *e.g., State v. Scott* [*supra*]."

In addition, *State v. French* (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, states:

"A ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, 'the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.' *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35, citing *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 288, 503 N.E.2d 142, 145." *French* at 450, 650 N.E.2d at 890–891.

Assertions of error relating to the admission of "other acts" during the course of a criminal trial are an issue to be addressed upon a direct appeal should a conviction be obtained.

We find that under the facts of this case the relator has not demonstrated entitlement to relief by way of an extraordinary writ.

Complaint dismissed at relator's cost.

*Judgment accordingly.*

GENE DONOFRIO, COX and VUKOVICH, JJ., concur.