DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant James Lemaster appeals, pro se, the judgment of the Pickaway County Court of Common Pleas denying his motion to correct and/or modify his sentence. Because the order appealed from is not a final appealable order, we dismiss Lemaster's appeal.
 I. Proceedings Below {¶ 2} Lemaster was convicted on March 18, 1996, of eight counts of receiving stolen property, one count of theft, and one count of engaging in a pattern of corrupt activity. He was sentenced to one year consecutively on each of the eight receiving stolen property counts, one year consecutively on the theft count, and seven to twenty-five years consecutively on the corrupt activity count. Afterward, Lemaster appealed his conviction and sentence to this Court. As it applied to his sentence, Lemaster argued that the trial court erred by sentencing him on the corrupt activity charge based on nine predicate convictions. We rejected Lemaster's merger argument stating that if we followed his argument "and held that the predicate offenses merge into the RICO offense, then the RICO statute would not satisfy its purpose of providing enhanced sanctions." State v. Lemaster (Jan. 27, 1998), Pickaway App. No. 96CA18 (Lemaster I). The Supreme Court of Ohio refused to review the case on April 22, 1998.
 {¶ 3} On September 2, 1998, Lemaster filed a petition for post-conviction relief under R.C. 2953.21. He asserted three grounds for the petition: newly discovered evidence, ineffective assistance of counsel, and excessive sentencing. The trial court denied the petition without a hearing. Lemaster appealed that decision to this Court. On September 28, 1999, we affirmed the trial court's denial of post-conviction relief. Specifically, we held that Lemaster, as the ringleader of the criminal enterprise, deserved the longest sentence in accordance with the sentencing guidelines at R.C. 2929.11 and 2929.12. We found, according to the principals for felony sentencing, that Lemaster's sentence was not "excessive or disproportionate." State v. Lemaster
(Sept. 28, 1999), Pickaway App. No. 98CA46 (Lemaster II). Again, the Supreme Court of Ohio declined to review the case on January 19, 2000.
 {¶ 4} Thereafter, Lemaster filed a motion in the trial court for jail time credit of 642 days served for pretrial incarceration. The trial court denied his motion. Lemaster appealed that judgment, and on December 26, 2001, we affirmed the trial court's decision. See State v. Lemaster, Pickaway App. No. 01CA10, 2001-Ohio-2639 (Lemaster III).
 {¶ 5} On July 1, 2002, Lemaster filed a motion to correct and/or modify his sentence. The trial court denied the motion by way of a decision and entry dated August 9, 2002. In its entry, the trial court summarized our prior opinions in Lemaster I and Lemaster II. The trial court concluded that it did not abuse its discretion when it sentenced Lemaster, and it recognized that this was affirmed by us on appeal inLemaster I and Lemaster II. Furthermore, the trial court, pursuant toEubank v. Doneghy (June 9, 1989), Lucas App. No. L-88-193, and Procup v.Strickland (11th Cir. 1986), 792 F.2d 1069, instructed the Pickaway County Clerk of Courts to refuse any further filings by Lemaster regarding the issue of sentencing. The trial court explained that Eubank and Procup held that a court may impose restrictions upon recalcitrant litigants who file numerous, frivolous, and/or malicious claims.
 II. The Appeal {¶ 6} Lemaster timely filed an appeal raising the following assignments of error:
 {¶ 7} First Assignment of Error: "The trial court abused its discretion when it denied [Lemaster's] pro se motion to correct and/or modify sentence pursuant to section 2929.41 of the Ohio Revised [sic] where the trial court refused to consider its imposition of a prison term greater than the minimum upon a first offender is not supported by the record pursuant to R.C. § 2929.12(C), depriving [Lemaster] his constitutional right to a fair trial, impartial jurist and due process of law."
 {¶ 8} Second Assignment of Error: "The trial court abused its discretion when it denied [Lemaster's] pro se motion to correct and/or modify sentence pursuant to section 2929.41 of the Ohio Revised Code because during sentencing [Lemaster] in this case, it erred in not utilizing the facts in the case in imposing the maximum sentence by law, thereby depriving him of a fair and impartial hearing guaranteed by Article I, Sec [sic] 16 of the Ohio Constitution and theFourteenth Amendment to the United States Constitution."
 {¶ 9} Third Assignment of Error: "The trial court committed prejudicial error when it denied [Lemaster's] pro se motion to correct and/or modify sentence pursuant to section 2929.41 of the Ohio Revised Code where holding [Lemaster] as the ringleader is not supported by the trial court proceedings thereby denied [Lemaster] his right to a fair and just trial as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.
 {¶ 10} Fourth Assignment of Error: "The trial court committed an abuse of discretion when it let stand the imposition of the maximum allowable fine pursuant to R.C. 29.23.32(C) [sic] without a hearing when it denied [Lemaster's] pro se motion to correct and/or [sic] the Ohio Revised Code thereby denied [Lemaster] his constitutional right to a fair trial and due process of law guaranteed by the Sixth andFourteenth Amendment to the United States Constitution."
 {¶ 11} Fifth Assignment of Error: "The trial court committed prejudicial error when it denied [Lemaster's] pro se motion to correct and/or modify sentence pursuant to 2929.41 of the Ohio Revised Code, letting stand the imposing [sic] a sentence not consistent with sentences imposed for similar crimes committed by co-defendants thereby constituting a denial of his right to equal protection as guaranteed by the Article 1, Section 16 of the Ohio Constitution and theFourteenth Amendment to the United States Constitution."
 {¶ 12} Lemaster's assignments of error, in toto, challenge the trial court's denial of his motion to correct and/or modify sentence. He bases his arguments on the sentencing guidelines of R.C. 2929.11 and2929.12, claiming that the trial court's denial of his motion violates his rights under both the Ohio and United States Constitutions.
 {¶ 13} Initially, we must address the threshold issue of whether the trial court's order denying Lemaster's motion to correct and/or modify sentence is a final appealable order subject to review by this Court. R.C. 2505.02 states, in the pertinent part, that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is [inter alia]* * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). If an order is not "final," then the court lacks subject matter jurisdiction to review the matter and the appeal must be dismissed sua sponte. See Davison v. Rini (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278; State v. McGlone (Dec. 19, 1995), Scioto App. No. 95CA2354; Prod. Credit Assn. v. Hedges (1993),87 Ohio App.3d 207, 210, 621 N.E.2d 1360; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 14} As in civil proceedings, a criminal case requires a final judgment or order before there is a basis for appeal. See State v.Kuttie, 7th Dist. No. 01-528-CA, 2002-Ohio-1029; State v. Shinkle
(1986), 27 Ohio App.3d 54, 55, 499 N.E.2d 402. A final appealable order includes "an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment." (Citations omitted.) Shinkle, supra. In the criminal realm, a final judgment or order "amounting to a disposition of the cause usually means the imposition of sentence." Id. at 55,499 N.E.2d 402, citing State v. Eberhardt (1978), 56 Ohio App.2d 193,381 N.E.2d 1357, and State v. Janney (1977), 55 Ohio App.2d 257,380 N.E.2d 753. In contrast, "post-conviction relief arising after the substantial rights of a defendant have been determined is not ordinarily considered a disposition of the cause." McGlone, supra; see, also, Kuttie, supra.
 {¶ 15} Clearly, the disposition of the cause in this case that affected Lemaster's substantial rights was his conviction and sentencing by the trial court on March 18, 1996. See Kuttie, supra. Undeniably, the judgment of the trial court at that time was a final appealable order. Indeed, Lemaster appealed that order in Lemaster I.
 {¶ 16} However, for purposes of the case sub judice, we must determine whether the trial court's subsequent denial of Lemaster's motion to correct and/or modify sentence amounts to a final appealable order. Other appellate courts have issued rulings that provide sound guidance on this issue.
 {¶ 17} In State v. Shinkle, 27 Ohio App.3d 54, 499 N.E.2d 402, the Twelfth District Court of Appeals held that the trial court's order denying appellant's motion to vacate and correct his sentence was not a final appealable order. In that case, the appellant pled guilty to a charge of aggravated vehicular homicide. The trial court's sentence included a fine, permanent revocation of appellant's driving privileges, and an indefinite prison term of not less than two and not more than five years. Appellant never pursued a direct appeal with regard to his plea and sentence. Over a year later, appellant filed a motion requesting the trial court to vacate the sentence or to modify the sentence. Appellant argued that the trial court failed to afford appellant the opportunity to elect whether to be sentenced under the law in effect at the time the crime was committed or under the law in effect at the time sentence was imposed, pursuant to R.C. 2929.61(C). Appellant further argued that since the indictment lacked an appropriate specification, appellant was entitled to a definite prison term of six months, one year, or eighteen months.
 {¶ 18} The Twelfth District Court of Appeals stated that if appellant's right to election was violated, "it was violated when he was sentenced * * *, not when the court denied the motion * * *." Shinkle at 56, 499 N.E.2d 402. Therefore, the court found no final appealable order, reasoning that the trial court's order denying appellant's motion "did not affect a substantial right and determine the action." Id. Furthermore, the court posited that "[t]he constant clamour [sic] for appellate review raised by such motions could effectively stymie and impede the execution and enforcement of criminal sentences and judgments." Id.
 {¶ 19} Relying on Shinkle, other Ohio appellate courts have considered the issue involving defendants who file motions to modify, correct, or vacate all or parts of their sentences.
 {¶ 20} In State v. Newberry (1989), 65 Ohio App.3d 179,583 N.E.2d 365, this Court considered an appeal from the trial court's order denying the defendant's motion for a hearing on the denial of her admission to a county diversion program. We stated that "[i]n the case at bar, * * *, any rights arguably guaranteed by R.C. 2935.36 and constitutional due process would appear to be adequately protected by appeal following the entry of judgment of conviction." Id. at 182,583 N.E.2d 365. Therefore, we found that the order appealed from was not a final appealable order pursuant to R.C. 2505.02. Id.
 {¶ 21} In State v. McGlone (Dec. 19, 1995), Scioto App. No. 95CA2354, this Court considered an appeal from a trial court's order denying the defendant's motion to vacate payment of court costs and suspend further execution of fines. The defendant in that case was convicted of aggravated trafficking in drugs, receiving stolen property, and two counts of trafficking in food stamps. The trial court sentenced defendant to seven to twenty-five years and a mandatory fine of $10,000 for aggravated drug trafficking to run consecutively with the following, which were to run concurrently: one year and $2,500 fine for receiving stolen property, and one year and $2,500 for each charge of trafficking in food stamps. Defendant appealed his convictions and the appellate court affirmed. Several years later, defendant filed a motion to vacate payment of court costs and fines, arguing that he was subject to excessive fines without the ability to pay. The trial court denied defendant's motion and defendant appealed.
 {¶ 22} Relying on Shinkle, we stated that "Essentially, appellant argues that his sentencing was improper because the trial court failed to hold a hearing before sentencing to determine whether or not appellant was indigent. If appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced * * *. (Citation omitted.) Appellant should have raised the issue of the absence of an indigency hearing in his original 1990 appeal." Id. Therefore, we held that the order denying defendant's motion to suspend further execution of fines did not affect a substantial right, determine the action, or prevent a judgment. Id. Thus, it was not a final appealable order. Id.
 {¶ 23} In State v. Arnett (Feb. 22, 1996), 3d Dist. No. 17-95-25, the Third District Court of Appeals held that an order of the trial court denying Arnett's two motions to modify his sentence was not a final appealable order. In a brief opinion, the court summarily relied on Shinkle, stating "Arnett, some thirteen months after his sentencing, is attempting to attack his sentence collaterally by appealing the denial of these two motions." Id. Therefore, the court found no final appealable order and dismissed Arnett's appeal. Id.
 {¶ 24} More recently, in State v. Kuttie, 7th Dist. No. 01-538-CA, 2002-Ohio-1029, the Seventh District Court of Appeals held that the trial court's order denying Kuttie's motion to vacate fines was not a final appealable order. The court reasoned, "that Kuttie is attempting to attack his sentence collaterally by appealing the denial of his motion to vacate his fine. Kuttie contends his sentencing was improper because his four year prison term was adequate punishment for his offense. Although it may be argued that Kuttie's substantial rights are being affected, these substantial rights existed on direct appeal." Id.
 {¶ 25} In Lemaster's motion to correct and/or modify his sentence, he argues that the trial court failed to comply with the sentencing guidelines at R.C. 2929.11 and 2929.12. In essence, Lemaster is asking us to review his sentence by reviewing the trial court's denial of his motion. However, the trial court's denial of this motion did not affect Lemaster's substantial rights and determine the action. If Lemaster's substantial rights were in fact ever violated, the violation occurred at the trial court's order of conviction and sentencing. He should have raised all arguments concerning his sentence on his direct appeal to this Court from the trial court's imposition of sentence on March 18, 1996. He failed to do so.
 {¶ 26} Were we to find a final appealable order in this instance, and entertain Lemaster's assignments of error, we would open our doors to piecemeal litigation, where defendants continuously file post-conviction motions that raise separate arguments concerning different aspects of their sentence. Lemaster is such an example of this very result. He has litigated his sentence once on direct appeal in Lemaster I, then again through post-conviction measures in Lemaster II, where he argued his sentence was excessive. Even in Lemaster III, he was allowed to litigate his sentence through a motion for jail-time credit. Now, in the case sub judice, Lemaster has attempted to litigate in this Court the merits of his sentence under the guise of a motion to correct and/or modify his sentence based on the sentencing guidelines. This type of piecemeal litigation "effectively stymie[s] and impede[s] the execution and enforcement of criminal sentences and judgments." Shinkle, supra.
 III. Conclusion {¶ 27} Because this Court lacks jurisdiction over this appeal, we shall not address Lemaster's assignments of error on the merits. Accordingly, Lemaster's appeal is dismissed for lack of a final appealable order.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL IS DISMISSED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PICKAWAY COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
* Painter, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment and Opinion.
* Mark P. Painter, First Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.