JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Mathew Rattray ("Rattray"), a Canadian citizen, appeals his plea and sentence. Finding some merit to the appeal, we reverse and remand the case for further proceedings.
 {¶ 2} In 2004, Rattray was charged with two counts of rape and one count of gross sexual imposition, aggravated burglary, and kidnapping with a sexual motivation specification. In October 2004, Rattray pled guilty to gross sexual imposition and all remaining counts were dismissed. The court sentenced him in November 2004 to five years of community controlled sanctions with a condition of lifetime deportation.
 {¶ 3} Rattray appeals, raising three assignments of error.
 {¶ 4} In his first assignment of error, Rattray argues that the trial court lacked jurisdiction to sentence him to lifetime deportation. Thus, he argues in his second assignment of error that his plea should be vacated because his sentence was substantially different from the plea agreement.
 {¶ 5} Crim.R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim.R. 11(C)(2)(a).
 {¶ 6} In the instant case, we find that Rattray's guilty plea was not made knowingly, voluntarily, and intelligently because he did not understand the maximum penalty involved. He was not advised at the time of his plea that he would be required to sign a stipulation of removal with the Immigration and Naturalization Service ("INS").
 {¶ 7} At the plea hearing, the State advised the court that Rattray's guilty plea to gross sexual imposition carried with it mandatory deportation and a permanent bar or denial of reentry into the United States. Rattray answered affirmatively when asked whether he agreed to lifetime deportation as a part of his plea agreement. Rattray's counsel also acknowledged that "in exchange for the life deportation and plea of guilty" Rattray would be given community controlled sanctions.
 {¶ 8} At the time of sentencing, however, the court ordered that Rattray sign a stipulated removal with the INS. The court also ordered him, as a condition of his probation, never to return to the United States. Rattray challenged the signing of the stipulation, arguing that it was outside the scope of the plea agreement. The court ultimately ordered him to sign the stipulation.
 {¶ 9} We find that the condition of signing the stipulation rendered his plea involuntary. Even though Rattray agreed to "lifetime deportation," his plea was made unknowingly when the court, in exchange for his plea, ordered him to sign a stipulated removal with the INS. At the time of his plea, no mention was made that he would be required to sign a stipulation for removal with the INS nor was any stipulation form presented for his review.
 {¶ 10} Moreover, as the State concedes, the court had no jurisdiction to impose lifetime deportation. An order of deportation is a matter within the sole jurisdiction of the federal authorities. State v.Rosenthal (Apr. 26, 1979), Cuyahoga App. No. 37948, citing Hines v.Davidowitz (1941), 312 U.S. 52, 61 S. Ct. 399, 85 L. Ed. 581. A state trial court has no authority to issue orders which control the entry into and deportation from the United States. Rosenthal, supra, citing Statev. Camargo (1975), 112 Ariz. 50, 537 P.2d 920. If the trial court had no jurisdiction to order lifetime deportation as a condition of Rattray's sentence, then the court also had no authority to condition his plea on lifetime deportation.
 {¶ 11} We find, however, that at the time of the plea, the court could have ordered Rattray to cooperate with the INS and demonstrate such when he returned for sentencing. In Rosenthal, supra, this court held that a trial court acted properly when it conditioned the suspension of a sentence on the defendant's compliance with immigration authorities and being deported by those authorities. This court found that the trial court's approach "covered all alternatives"; if immigration authorities determined that deportation was not warranted, then the court could proceed with imposing its sentence. Id.
 {¶ 12} However, in the instant case, the trial court did not condition suspension of Rattray's sentence on cooperation with the INS. Rather, the court ordered that he sign the removal stipulation, which was outside the plea agreement. Therefore, his plea was not made knowingly and should be vacated.
 {¶ 13} Because we conclude that Rattray's plea should be vacated, we find the pretrial motions, which are the subject of the third assignment of error, are not final appealable orders. City of Defiance v. Kretz
(1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32. See, also, State v. Newberry
(1989), 65 Ohio App.3d 179, 181, 583 N.E.2d 365, citing State v.Scott (1984), 20 Ohio App.3d 215, 20 OBR 261, 485 N.E.2d 818
(generally, the denial of pretrial motions in criminal proceedings does not constitute a final appealable order).
 {¶ 14} Accordingly, we sustain Rattray's first and second assignments of error, but overrule his third assigned error.
 {¶ 15} Judgment reversed and case remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. Concurs;
 KENNETH A. ROCCO, J. Dissents; See Separate Dissenting Opinion